# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Tennessee

United States of America
v.
Tommy Lee North, Jr.

Case No: 2:19-cr-91
USM No: 54414-074

Date of Original Judgment: 2/25/2020
Date of Previous Amended Judgment:

Willie Santana
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.** ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____ .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**SO ORDERED**.

Order Date: 4/9/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:19-CR-91-KAC-CRW ) |
| TOMMY LEE NORTH, JR., | ) ) |
| Defendant. | ) ) |

## ANALYSIS

Before the Court is Defendant Tommy Lee North's pro se Motion for Sentence Reduction [Doc. 48] and "Motion Pursuant to Title 18 U.S.C. 3582(c)(2)" [Doc. 47], as reviewed by appointed counsel [*See* Doc. 49]. On February 25, 2020, the Court sentenced Defendant to 200 months' imprisonment for possessing with intent to distribute fifty (50) grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) [Doc. 41 at 1-2]. Thereafter, Defendant filed the instant Motions [Docs. 47, 48], asking the Court to reduce his term of imprisonment "in light of" "Subparts A and B of Amendment 821" [Doc. 48 at 1]. In support, Defendant asserts that he "has attended all available educational classes" and "has maintained a clear [sic] institutional conduct" [Doc. 48 at 2]. Appointed counsel filed a "Notice of No Intention to File a Supplemental Motion" [Doc. 49]. The United States opposed Defendant's motion [Doc. 50], asserting that Defendant "is ineligible for any sentence reduction" because his "guideline range is" "unchanged" by Amendment 821. [Doc. 50 at 2]. That assertion is correct.

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a

2

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Guidelines policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have been applicable to the defendant" if the relevant amendments "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline application decisions unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines as it relates to "status points":

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

3

U.S. Sent'g Comm'n, Amendment 821 (2023). Amendment 821 also added Section 4C1.1 to the Guidelines. That Section authorizes a two-level reduction in offense level if a defendant meets certain criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense);
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G § 4C1.1(a).

Defendant is ineligible for a reduction under either Section 4A1.1 or Section 4C1.1. When sentenced, Defendant had a subtotal criminal history score of seventeen (17) [Doc. 27 ¶ 47, *sealed]. The then-existing text of Section 4A1.1 required the addition of two (2) points because Defendant committed the instant offense while under a criminal justice sentence [*Id.* ¶ 48, *sealed]. Defendant's total criminal history score generated a criminal history category of six (VI) [*See id.* ¶ 49, *sealed]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would receive only one (1) additional point for committing the instant offense while under a criminal justice sentence instead of the two (2) he received [*See id.* ¶ 48, *sealed]. *See* U.S.S.G § 4A1.1(e). That reduction, however, leaves his criminal history category unchanged for two

4

reasons.  *First,* the one-point reduction would establish an amended criminal history score of eighteen (18), still resulting in a criminal history category of VI (six)   [*See id.* ¶¶ 47-49, *sealed]. *Second,* Defendant's status as a "career offender" would increase his criminal history category to six (VI) regardless [*See id.* ¶¶ 25, 50, *sealed].  *See* U.S.S.G § 4B1.1(b).  Because Defendant's criminal history category is unchanged, Amendment 821 does not have the effect of lowering his guideline range under Section 4A1.1.  *See* 18 U.S.C. 3582(c)(2).  Defendant is similarly ineligible for a reduction under Section 4C1.1 because he is not a zero-point offender.  As discussed, he received criminal history points from Chapter 4 [*See id.* ¶ 47, *sealed].  Accordingly, Defendant is not eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821.