UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:19-CR-91-KAC-CRW |
| | ) | |
| | ) | |
| TOMMY LEE NORTH, JR.; | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Tommy Lee North's pro se Motion for compassionate release "pursuant to 18 U.S.C. § 3582(c)(1)(A)" [Doc. 51]. For the reasons below, the Court denies the Motion.

## I. Background

On February 25, 2020, the Court sentenced Defendant to 200 months' imprisonment[1] for possessing with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) [See Doc. 41 at 1-2; see also Doc. 27 ¶ 30, *sealed]. Defendant has served only a fraction of his sentence of imprisonment.

He is "currently" incarcerated at "F.C.I. Memphis" and seeks compassionate release based on purported "extraordinary and compelling reasons" [Doc. 51 at 1]. He is sixty-two (62) years old [See Doc. 27 at 3, *sealed]. And he states that he is eligible for a sentence reduction under United States Sentencing Guidelines Section 1B1.13 because he is suffering from "serious physical and medical conditions" and received an "unusually long sentence" [See Doc. 51 at 1-3].

---

[1] The Court selected a sentence below Defendant's advisory guideline range of 262 to 327 months imprisonment [See Doc. 42 at 1-2, *sealed].

Defendant avers that he "is not required to exhaust his administrative remed[ies]" before raising his claims in this Court [*Id.* at 1]. The Court appointed the Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant. And FEDSET filed a "Notice" indicating that it will not submit a supplemental filing on Defendant's behalf [Doc. 56].

The United States filed a Response in opposition [Doc. 60]. [2] The United States argues that (1) Defendant has failed to exhaust his administrative remedies, (2) Defendant has failed to show "extraordinary and compelling" reasons for a sentence reduction, and (3) the relevant Section 3553(a) factors do not support a reduction [Doc. 60 at 3-8].

Defendant then filed supplemental medical records [Docs. 61, *sealed; 62, *sealed] and two (2) letters "reiterat[ing] his request for Compassionate Release" [3] [*See* Docs. 63, 64]. None of those filings addressed administrative exhaustion.

## II.     Analysis

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). The individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of

---

[2] The United States twice moved for extensions of time to respond [Docs. 58, 59], which Defendant did not oppose. With no opposition, the Court **GRANTS** those requests [Docs. 58, 59] and accepts the United States's Response [Doc. 60] as timely filed. *See* E.D. Tenn. L.R. 7.2.

[3] Defendant further complains that "[t]he BOP and FCI Memphis" have "denied" him appropriate "treatment and care" [*See* Doc. 63 at 1; 64 at 1]. But Defendant is not confined within this district [*See* Doc. 51-1]. *See* Federal Bureau of Prisons, Inmate Locator, *available at* https://www.bop.gov/inmateloc/. So to the extent Defendant wishes to bring a separate civil action related to his care, this is not the proper Court in which to do so. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

such a request by the warden of the defendant's facility," must have occurred. 18 U.S.C. § 3582(c)(1)(A). If the threshold exhaustion requirement is met, a district court may reduce a sentence where the Court concludes that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The Court may deny a compassionate release motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *Id.* at 519.

At the threshold, Defendant fails to provide any evidence that he administratively exhausted his claim [*See* Docs. 51, 63, 64]. Instead, Defendant asserts that he is not subject to the exhaustion requirement [Doc. 51 at 1]. And because the United States has asserted that Defendant failed to exhaust,[4] [*see* Doc. 60 at 3], Defendant's failure to establish that he exhausted his claim dooms his claim, *see United States v. Alam*, 960 F.3d 831, 832-34 (6th Cir. 2020).

But even if Defendant had properly exhausted his administrative remedies, his Motion fails because the relevant Section 3553(a) factors do not support a reduction. When the Court sentenced Defendant for the instant offense, he was designated a "Career Offender" in Category six (VI), with 17 criminal history points for drug and theft offenses, among other convictions [*See* Doc. 27 at 9-13; *sealed]. Defendant also has prior convictions for robbery, armed robbery, burglary, and

---

[4] The United States provided information suggesting Defendant "requested compassionate release from the warden . . . in early 2023, based on the COVID-19 pandemic" [Doc. 60 at 3 (citing Doc. 60-2)]. But Defendant seeks relief on other grounds now. *See e.g.*, *United States v. Mullins*, No. 2:17-CR-00012-25-JRG, 2022 WL 10146928, *3 (E.D. Tenn. Oct. 17, 2022) (noting that although "district courts in this Circuit are split on this issue . . . [t]he Sixth Circuit's analysis of § 3582(c)(A)(1)'s exhaustion requirement in *Alam*" "indicates" "that issue-specific exhaustion is required" (internal citations omitted)); *United States v. Wardle*, No. 18-57, 2021 WL 4822827, at *2 (E.D. Ky. Oct. 14, 2021) (dismissing without prejudice motion for compassionate release on grounds that "were never presented to the BOP").

battery [*Id.* at 7-9, 11; *sealed]. Defendant's history is marked by a pattern of violent and serious criminal conduct and substantial periods of incarceration [*See id.* at 7-13, *sealed]. The instant offense was serious in its own right—Defendant distributed substantial amounts of methamphetamine and possessed a firearm while doing so [*See id.* ¶ 20, *sealed]. That conduct, against the backdrop of his dangerous criminal history, suggests that continued imprisonment is necessary to provide adequate deterrence and protect the public from any further crimes by Defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). Defendant's advanced age and health challenges do not negate the significant risk posed by premature release. Defendant previously experienced some health challenges during the very same time period that he committed the underlying methamphetamine trafficking offense [*See* Doc. 27 at 4-5, 15]. Accordingly, the Court **DENIES** Defendant's pro se Motion for compassionate release [Doc. 51].

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge